IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF PENNSYLVANIA

TAURUS L. LANSDOWNE,

        Plaintiff,

v.

NANCY A. BERRYHILL,[1]
Acting Commissioner of Social Security,

        Defendant.

CIVIL ACTION
NO. 16-3188

**OPINION**

**Slomsky, J.**                                                                               **August 10, 2017**

## I.    INTRODUCTION

Before the Court are the Objections of Defendant Nancy A. Berryhill, Acting Commissioner of the United States Social Security Administration, to the Report and Recommendation of United States Chief Magistrate Judge Linda Caracappa. (Doc. No. 20.) On August 12, 2016, Plaintiff Taurus Lansdowne filed a complaint against Defendant seeking review of Defendant's final decision denying Plaintiff's claim for supplemental security income ("SSI") under Title XVI of the Social Security Act, 42 U.S.C. § 405(g). (Doc. No. 3.) On March 15, 2017, the Court referred the matter to Chief Magistrate Judge Caracappa for a Report and Recommendation ("R&R"). (Doc. No. 18.) On April 26, 2017, Magistrate Judge Caracappa filed the R&R, recommending that Plaintiff's request for review be granted in part and that the

---

[1] Nancy A. Berryhill is the acting Commissioner of the Social Security Administration. Pursuant to Rule 24(d) of the Federal Rules of Civil Procedure, Berryhill replaces Carolyn W. Colvin as Defendant in this case and no further action is needed to meet the requirement of the final sentence of 42 U.S.C. § 405(g) which states:

> Any action instituted in accordance with this subsection shall survive notwithstanding any change in the person occupying the office of Commissioner of Social Security or any vacancy in such office.

case be remanded to Defendant for further proceedings. (Doc. No. 19.) On May 9, 2017, Defendant filed objections to the R&R. (Doc. No. 20.)

Pursuant to 28 U.S.C. § 636(b)(1), the Court has conducted a de novo review of the portions of the R&R to which objections have been made. After an independent review of the Administrative Record (the "Record") and for reasons that follow, the Court will adopt and approve the R&R (Doc. No. 19) in its entirety.

## II. BACKGROUND

### A. Factual and Procedural History

Plaintiff Taurus Lansdowne was born on October 30, 1969 and was forty-three years old when he filed his application for disability. (Doc. No. 20 at 1.) Plaintiff completed high school and two years of college. (Administrative Record ("R.") at 56.) Plaintiff previously worked in demolition, as a delivery driver, and as a bubble gum machine operator. (R. at 57.)

On January 30, 2013, Plaintiff applied for SSI, alleging a disability since June 12, 2012. (R. at 33.) On that date, a roof fell on Plaintiff. He alleges that he became unable to work after this accident. (R. at 57.) Plaintiff claims that since the accident, he suffers from constant pain in his lower back, hips, left foot, neck, and knees. (R. at 35.) Additionally, Plaintiff suffers from an adjustment disorder and chronic pain syndrome. (Id.)

Subsequently, the Social Security Administration denied Plaintiff's disability claim and Plaintiff requested a hearing. (R. at 124.) On July 23, 2014, an administrative hearing was held before Administrative Law Judge Alan Sacks (the "ALJ"). (R. at 47.) Plaintiff was represented by counsel, and Plaintiff and a vocational expert testified at the hearing. (Id.)

In addition to hearing testimony, the ALJ considered Plaintiff's medical records from various physicians. (R. at 39-40.) One of Plaintiff's physicians was Dr. Norman Stempler, an orthopedic surgeon who had a relationship treating Plaintiff from June 2012 through late 2013.

(R. at 40, 273-371, 386-95.) Dr. Stempler opined in February 2013 and July 2014 that Plaintiff had severe limitations that would preclude him from working, and noted in his September 2013 treatment notes that Plaintiff was permanently disabled. (R. at 273-78, 389, 431-33.) Ultimately, the ALJ found that Dr. Stempler's opinion was not adequately supported, and did not rely on it in determining whether Plaintiff was disabled. (R. at 41.)

On October 1, 2014, the ALJ issued a decision finding that Plaintiff was not disabled and denying his request for SSI. (R. at 30, 33.) On November 26, 2014, Plaintiff filed a request for review of the ALJ's decision. (R. at 24.) In early 2016, Plaintiff's request was denied by Appeals Officer Wanda Beamon. (R. at 4.) On August 12, 2016, Plaintiff filed the Complaint in this Court, seeking judicial review of the ALJ's decision pursuant to 42 U.S.C. 405(g). (Doc. No. 3.) On March 15, 2017, the Court referred the matter to Chief United States Magistrate Judge Linda Caracappa for an R&R. (Doc. No. 18.) On April 26, 2017, the Magistrate Judge filed a R&R recommending that Plaintiff's request for review be granted. (Doc. No. 19.) Within two weeks, Defendant filed objections to the R&R, which are now ripe for a decision. (Doc. No. 20.)

**B. Relevant Social Security Administration Regulations**

To prove a "disability," a claimant must demonstrate "the inability to do any substantial gainful activity by reason of any medically determinable physical or mental impairment which can be expected to result in death or which has lasted or can be expected to last for a continuous period of not less than 12 months." 20 C.F.R. § 404.1505(a). The claimant has the burden of proving the existence of a disability and can satisfy this burden by showing an inability to return to former work. Rossi v. Califano, 602 F.2d 55, 57 (3d Cir. 1979). If he does so, the burden shifts to the Commissioner to show that, given the claimant's age, education, and work

3

experience, she is able to perform specific jobs that exist in the national economy. 42 U.S.C. § 423(d)(2)(A); 20 C.F.R. § 416.920(f).

When evaluating a disability, the Social Security Administration uses a five-step process, which is followed in a set order:

> (i) At the first step, we consider your work activity, if any. If you are doing substantial gainful activity, we will find that you are not disabled.
>
> (ii) At the second step, we consider the medical severity of your impairment(s). If you do not have a severe medically determinable physical or mental impairment that meets the duration requirement in § 404.1509, or a combination of impairments that is severe and meets the duration requirement, we will find that you are not disabled.
>
> (iii) At the third step, we also consider the medical severity of your impairment(s). If you have an impairment(s) that meets or equals one of our listings in appendix 1 of this subpart and meets the duration requirement, we will find that you are disabled.
>
> (iv) At the fourth step, we consider our assessment of your residual functional capacity and your past relevant work. If you can still do your past relevant work, we will find that you are not disabled.
>
> (v) At the fifth and last step, we consider our assessment of your residual functional capacity and your age, education, and work experience to see if you can make an adjustment to other work. If you can make an adjustment to other work, we will find that you are not disabled. If you cannot make an adjustment to other work, we will find that you are disabled.

§ 404.1520(a)(4)(i)-(v).

### III. STANDARD OF REVIEW

When reviewing a final decision of the Commissioner of Social Security, the Court must determine whether the record demonstrates substantial evidence to support the Commissioner's decision. 42 U.S.C. §§ 405(g), 1383(c)(3). Substantial evidence is "more than a mere scintilla . . . [and includes] such relevant evidence as a reasonable mind might accept as adequate to support a conclusion." Cherry v. Barnhart, 29 F. App'x 898, 901 (3d Cir. 2002) (quoting Richardson v.

Perales, 402 U.S. 389, 407 (1971)). The Commissioner's findings of fact, as long as they are supported by substantial evidence, are conclusive. 42 U.S.C. § 405(g).

Because the Commissioner adopts an ALJ's decision as his findings of fact, the ALJ must set out a specific factual basis for each finding. Baerga v. Richardson, 500 F.2d 309, 312 (3d Cir. 1974). See also 42 U.S.C. § 405(b)(1).[2] An ALJ must consider, evaluate, and refer to specific medical evidence in the record in his decision. See Reefer v. Barnhart, 326 F.3d 376, 381-82 (3d Cir. 2003). Based on this evidence, an ALJ determines whether a claimant proved a "disability," and the Commissioner adopts this decision as his finding of fact. Even if the record offers evidence that undermines the ALJ's conclusion, the Court will not overrule the decision of the ALJ unless the ALJ's finding is not supported by substantial evidence. Simmonds v. Heckler, 807 F.2d 54, 58 (3d Cir. 1986). Substantial evidence is "such relevant evidence as a reasonable mind might accept as adequate," not "a mere scintilla." Burnett v. Comm'r of Soc. Sec. Admin., 220 F.3d 112, 118 (3d Cir. 2000) (citing Plummer v. Apfel, 186 F.3d 422, 427 (3d Cir. 1999)).

## IV.   ANALYSIS

Defendant makes two objections to the R&R, which recommends that the Court grant Plaintiff's request for review in part and remand the case to Defendant for further proceedings pursuant to sentence four of 42 U.S.C. § 405(g), which provides that: "[t]he court shall have

---

[2] Section 405(b)(1) provides in relevant part:

> The Commissioner of Social Security is directed to make findings of fact, and decisions as to the rights of any individual applying for a payment under this subchapter. Any such decision by the Commissioner of Social Security which involves a determination of disability and which is in whole or in part unfavorable to such individual shall contain a statement of the case, in understandable language, setting forth a discussion of the evidence, and stating the Commissioner's determination and the reason or reasons upon which it is based. . . .

42 U.S.C. § 405(b)(1).

power to enter, upon the pleadings and transcript of the record, a judgment affirming, modifying, or reversing the decision of the Commissioner of Social Security, with or without remanding the cause for a rehearing." (Doc. No. 20 at 15.)  See 42 U.S.C. § 405(g).

First, Defendant objects to the Magistrate Judge's failure to consider some of the ALJ's reasons for discounting Dr. Stempler's opinion. (Id. at 2.)  Second, Defendant objects to the Magistrate Judge's finding that the ALJ failed to sufficiently articulate a summary of Dr. Stempler's treatment notes. (Id. at 4.)  For reasons that follow, the Court will address each objection in turn.

### A. The Magistrate Judge Properly Concluded That the ALJ Failed to Provide Substantial Support For the Decision to Discount Dr. Stempler's Opinion

Defendant argues that the ALJ's decision to discount Dr. Stempler's opinion was supported by sufficient reasoning and adequate references to Plaintiff's treatment record. Defendant breaks this argument into two separate objections. First, Defendant submits that the ALJ provided sufficient reasons for not considering Dr. Stempler's opinions. (Doc. No. 20 at 2.) Second, Defendant argues that the ALJ adequately explained why he was discounting Dr. Stempler's opinions and was not required to develop the record further with analysis of the medical treatment notes. (Id. at 4.)  The Court will overrule both of Defendant's objections and remand this case for further analysis of the medical records.

#### i. The ALJ's Reasons For Discounting Dr. Stempler's Opinion Were Not Legally Sufficient

Defendant first argues that the Magistrate Judge was incorrect in determining that the ALJ did not have sufficient reasons for discounting Dr. Stempler's opinions. (Id. at 2.) Defendant points to three different lines of reasoning used by the ALJ that the R&R does not address: (1) that Dr. Stempler used only check box forms with no narrative support, (2) that the

opinion that Plaintiff was totally disabled was not a medical opinion, and (3) that Dr. Stempler did not have special training or expertise in assessing an individual's ability to work. (Id. at 3.) These reasons, even when considered together, do not sufficiently justify the ALJ's decision to discount Dr. Stempler's opinion.

Defendant submits that the R&R failed to address Dr. Stempler's use of check box forms, and the use of these forms was a legally sufficient reason for discounting his opinion. (Doc. No. 20 at 3.) Check box forms are weak evidence when filled out by a physician whose treatment notes do not appear in the record and the physician's opinion is inconsistent with other medical evidence. See Hevner v. Comm'r Soc. Sec., 675 F. App'x 182, 184 (3d Cir. 2017) (holding that check box forms were weak evidence when the physician's treatment notes did not appear in the record and the forms were contradicted by other record evidence); Mason v. Shalala, 994 F.2d 1058, 1065 (3d Cir. 1993) (holding that a check box form was weak evidence when filled out by an examining physician who had only examined plaintiff on one occasion and other record evidence contradicted this physician's opinion).

Here, Dr. Stempler's use of check box forms is not an adequate reason to discount his opinion. In Mason v. Shalala, a two-page check box form was filled out by a physician who had only seen the plaintiff once and did not provide any treatment notes to support his findings. 994 F.2d at 1065. The present case is distinguishable from Mason because Dr. Stempler treated Plaintiff for over a year and his treatment notes provide support for the opinions on the forms.

In Dr. Stempler's treatment notes, he indicated that Plaintiff has pain symptoms in his upper and lower extremities, noted Plaintiff's abnormal MRI and EMG, and recommended Plaintiff for a pain management program. (R. at 273-362.) Throughout these treatment notes, Dr. Stempler consistently noted that his prognosis for Plaintiff's recovery is guarded or poor.

(Id.) The Court is not convinced that the ALJ was justified in discounting Dr. Stempler's opinions—which were developed through consistent contact with Plaintiff—because he utilized check box forms on two occasions.

Next, Defendant submits that the ALJ was justified in rejecting Dr. Stempler's opinions because his statement that Plaintiff was disabled was not a medical opinion. (Doc. No. 20 at 3.) Defendant declares that Dr. Stempler's opinions were invalid because he stated that Plaintiff was disabled from work, and the issue of disability is reserved to the Commissioner. (Id. at 3.) The Court disagrees. The ALJ's decision to discount his opinion was not justified based on Dr. Stempler's statement regarding Plaintiff's disability.

The Code of Federal Regulations provides the following guidelines regarding the weight given to a medical professional's opinion that an individual is disabled:

> (d) Medical source opinions on issues reserved to the Commissioner. Opinions on some issues, such as the examples that follow, are not medical opinions, as described in paragraph (a)(1) of this section, but are, instead, opinions on issues reserved to the Commissioner because they are administrative findings that are dispositive of a case; i.e., that would direct the determination or decision of disability.
>
> > (1) Opinions that you are disabled. We are responsible for making the determination or decision about whether you meet the statutory definition of disability. In so doing, we review all of the medical findings and other evidence that support a medical source's statement that you are disabled. A statement by a medical source that you are "disabled" or "unable to work" does not mean that we will determine that you are disabled.
> >
> > (2) Other opinions on issues reserved to the Commissioner. We use medical sources, including your treating source, to provide evidence, including opinions, on the nature and severity of your impairment(s). Although we consider opinions from medical sources on issues such as whether your impairment(s) meets or equals the requirements of any impairment(s) in the Listing of Impairments in appendix 1 to subpart P of part 404 of this chapter, your residual functional capacity (see §§ 416.945 and 416.946), or the application of vocational factors, the final responsibility for deciding these issues is reserved to the Commissioner.

> (3) We will not give any special significance to the source of an opinion on issues reserved to the Commissioner described in paragraphs (d)(1) and (d)(2) of this section.

20 C.F.R. §§ 416.927(d)(1)-(3).

Although the ultimate issue of whether someone is disabled is reserved to the Commissioner, an ALJ must still give controlling weight to the findings of a treating physician if those findings are supported by medical evidence. Masher v. Astrue, 354 F. App'x 623, 628 (3d Cir. 2009). An ALJ cannot entirely discount a physician's opinion merely because the physician used the word "disabled" in a medical opinion. Id. Rather, an ALJ must focus on the substantive evidence leading up to a physician's conclusion that a patient was "disabled" rather than the physician's choice of words. Id.

Here, Defendant argues that the ALJ appropriately discounted Dr. Stempler's opinions because he opined that Plaintiff was disabled. (Doc. No. 20 at 3.) Although the ALJ was not required to afford special significance to Dr. Stempler's statement that Plaintiff was disabled, the ALJ was still required to look at the substantive evidence supporting Dr. Stempler's conclusion. In Masher v. Astrue, the ALJ was required to focus on evidence supporting the treating physician's opinion rather than his use of the word "disabled." 354 F. App'x at 628. As in that case, the ALJ here was not justified in declaring all of Dr. Stempler's opinions invalid merely because he used the word "disabled" to describe Plaintiff's condition.

Finally, Defendant claims that the ALJ appropriately discounted Dr. Stempler's opinion because there is no evidence that Dr. Stempler had training in assessing an individual's ability to work or any familiarity with the Agency's definition of disability. (Doc. No. 20 at 3.) The Court disagrees that Dr. Stempler's opinion should be discounted based on this sole factor because the ALJ failed to address other factors that lend credibility to Dr. Stempler's opinion.

9

The Code of Federal Regulations ("C.F.R.") lists a variety of factors that are considered in determining the weight that will be given to a medical opinion. §§ 416.927(c)(1)-(6). For a treating physician, these factors include: length and nature of the treatment relationship; supportability of the opinion, consistency of the opinion with the record evidence as a whole; specialization of the physician; and other factors, including a physician's familiarity with the Commissioner's definition of disability. Id.

Although the record does not demonstrate that Dr. Stempler had a specific familiarity with the Agency's definition of disability, the ALJ failed to consider other factors listed in the C.F.R. Dr. Stempler specialized in orthopedic surgery, treated Plaintiff for over a year, and noted that his findings were supported by MRI and EMG images. (R. at 278, 283-84, 395.) All of these factors support giving weight to Dr. Stempler's opinion, but were not mentioned by the ALJ. The lone factor cited by the ALJ is not a convincing reason to discount Dr. Stempler's opinion when taken in the context of the other factors found in § 416.927(c)(1)-(6).

Even when considering the three reasons collectively, they do not constitute substantial evidence for the ALJ's decision to discount Dr. Stempler's opinions. The ALJ honed in on Dr. Stempler's use of check box forms, his conclusion that Plaintiff was disabled, and his alleged unfamiliarity with the Agency's definition of a disability. However, the ALJ failed to consider Dr. Stempler's substantive treatment notes that supported his check box form opinions and his opinion that Plaintiff was disabled. Additionally, the ALJ did not consider other C.F.R. factors that weighed in favor of considering Dr. Stempler's opinion. Thus, the entirety of Defendant's first objection is without merit and the Magistrate Judge's findings will be upheld.

### ii. The ALJ Did Not Sufficiently Articulate His Findings in Assessing Dr. Stempler's Opinions

Next, Defendant objects to the Magistrate Judge's conclusion that the ALJ did not sufficiently discuss Plaintiff's medical records from Dr. Stempler. (Doc. No. 20 at 4.) Defendant submits that the ALJ was not required to articulate a detailed summary of Dr. Stempler's treatment notes. (Id.) Furthermore, Defendant argues that Dr. Stempler's many findings of tenderness were subjective complaints and the ALJ was justified in discounting his opinion based on these complaints. (Id. at 6.) The Court agrees with the Magistrate Judge's finding that the ALJ did not sufficiently discuss Dr. Stempler's treatment notes, and will overrule Defendant's second objection.

Defendant submits that the Magistrate Judge erred in holding that there was insufficient discussion of Plaintiff's medical records by the ALJ. (Id. at 4.) Defendant contends that the ALJ was not required to cite to every piece of record evidence and that the ALJ met his requirement of a minimum articulation of the evidence. (Id.)

At step three of the five-step process used to evaluate an individual's disability, supra Section II(B), an ALJ considers "the medical severity of your impairments." 20 C.F.R. § 404.1520(a)(4)(i)-(v). At this step, an ALJ is not required to cite to every item from the medical records but must "ensure that there is sufficient development of the record and explanation of findings to permit meaningful review." Jones v. Barnhart, 364 F.3d 501, 505 (3d Cir. 2004). A "sparse synopsis" of medical evidence is insufficient because a court must be able to tell if the ALJ considered certain probative evidence or ignored it. Fargnoli v. Massanari, 247 F.3d 34, 42 (3d Cir. 2001). In Fargnoli, the Third Circuit held that the ALJ did not discuss the plaintiff's treatment record in enough detail when he disposed of over 115 pages of treatment notes and tests with a few short sentences. Id. The large disparity between the relatively brief analysis by

the ALJ and the lengthy treatment record meant that the court could not determine what evidence the ALJ considered in his decision. Id.

Here, the Magistrate Judge was correct in her finding that although the ALJ cited and briefly discussed exhibits 2F-9F, he failed to cite particular findings in the record that support his decision to discount Dr. Stempler's opinion. (Doc. No. 19 at 13.) The Court agrees with the Magistrate Judge that the ALJ did not sufficiently discuss Dr. Stempler's opinion and medical records such that the Court can engage in a meaningful review of the ALJ's decision. (Id. at 14.) Here, as in Fargnoli, the ALJ discounted the entirety of Dr. Stempler's lengthy and relevant treatment records with the brevity of a few sentences. The Magistrate Judge correctly found that Plaintiff's request for review should be granted so that the ALJ can engage in further analysis of Dr. Stempler's opinions and Plaintiff's medical records.

Finally, Defendant objects to the Magistrate Judge's finding that the ALJ erred in his statement that Dr. Stempler's findings were based on Plaintiff's subjective complaints. (Doc. No. 20 at 6.) Defendant argues that the ALJ was not required to further evaluate Dr. Stempler's findings because they rely on reports of Plaintiff's tenderness, which is a subjective complaint and not an objective medical finding. (Id.)

In support of the argument that tenderness is a subjective finding, Defendant cites to Antoniolo v. Colvin, 208 F. Supp. 3d 587, 596 (D. Del. 2016). In Antoniolo, the court held that the ALJ did not err in discounting the opinion of a treating physician when the physician's opinion concerning plaintiff's disability was largely founded upon plaintiff's reports of tenderness. Id. The court stated that "the physical findings of tenderness ultimately depended upon Plaintiff's subjective reports," because these findings depended on the plaintiff reporting pain when the physician palpated an area. Id. The court further noted that this treating

physician's opinion on plaintiff's severe work restrictions were unsupported by his treatment notes, which stated that plaintiff's pain was under control. Id. The present case is factually distinguishable from Antoniolo because Dr. Stempler's treatment notes support his findings of tenderness and contain additional observations not based on Plaintiff's tenderness. Additionally, case law from this circuit contradicts Defendant's argument that tenderness is a purely subjective complaint.

The United States Court of Appeals for the Third Circuit has held that an ALJ erred in failing to consider a treating physician's report of a plaintiff's tenderness. Burnett v. Comm'r of Soc. Sec. Admin., 220 F.3d 112, 122 (3d Cir. 2000). In Burnett, the Third Circuit noted that findings of tenderness were part of a list of "contradictory, objective medical evidence" that the ALJ failed to consider in his original opinion and was required to consider on remand. Id.

The Magistrate Judge was correct in finding that Dr. Stempler's findings were not purely based on Plaintiff's subjective complaints and that the ALJ erred in disregarding these treatment notes. Dr. Stempler supported his findings with MRI and EMG tests and the record contains numerous findings that are not based on subjective reports of tenderness. Dr. Stempler noted that an MRI of Plaintiff's cervical spine revealed broad based protrusions and an EMG test revealed right L5 and left C6 radiculopathies. (R. at 283-84.) He wrote that these test results were consistent with Plaintiff's medical history. (Id.) Additionally, Dr. Stempler's records contain findings that are not based on tenderness, including multiple sciatic tension tests and notes about Plaintiff's lumbar muscle spasms. (R. at 282, 285, 287, 390.) The ALJ did not discuss the relationship between Dr. Stempler's opinions and the MRI and EMG tests, nor did he mention the sciatic tension tests and lumbar muscle spasms written about in the treatment notes. Therefore, the Court agrees with the Magistrate Judge that the ALJ was not justified in

discounting Dr. Stempler's treatment notes on the basis that these notes mostly reflected Plaintiff's subjective complaints. (Doc. No. 19 at 13-14.) On remand, the ALJ must provide a more complete picture of the treatment records rather than dismissing them in a cursory and conclusory fashion. Defendant's second objection, therefore, is without merit and the Magistrate Judge's findings will be upheld.

## V. CONCLUSION

Defendant's objections to the Report and Recommendation filed by Magistrate Judge Caracappa will be overruled. The Report and Recommendation (Doc. No. 19) is approved and adopted in its entirety. An appropriate Order follows.